Jones, J.
The traction company challenged the jurisdiction of the commission for the reason that it had relocated that portion of its main line between Chittenden and Fells, and abandoned its old route, prior to the passage of the act of March 21, *427 1917, and therefore the commission had no jurisdiction to entertain the application of plaintiff in error.
This claim is not supported by the record. After the relocation of the line in 1913, while the traction company did abandon certain of its facilities, including the use of limited cars over the old route between the stations named, it still continued the operation,of local service over the old route between Chittenden and Fells, This service was continued until Septembe'r 21, 1918; when it attempted to discontinue service entirely. The record therefore discloses that all that was abandoned was the utilization only of part óf its service and facilities on the old line. Furthermore the traction company subjected itself to the jurisdiction of the commission in 1914, in a proceeding before the commission, wherein this village had complained of the service and facilities established and maintained over the old line. In that proceeding the commission, in accord with an amicable agreement entered into between the parties,' ordered the further installation of local service over the old route. Local service was thereafter maintained until long after the passage of the act of,March 21, 1917 (107 O. L., 525), which enlarged the powers of the commission with reference to the abandonment of service and facilities by interurban and other railroads. Section 2 of that act (Section 504-3, General Code) is as follows:
“Any such company desiring to abandon or close for traffic any part of its line, main track or tracks or depot, shall first make application to the public *428 utilities commission in writing, who shall thereupon cause reasonable notice thereof to be given, stating the time and place fixed by the commission for the hearing of said application. Upon the hearing of said application said commission shall ascertain the facts and make its findings thereon, and if such facts satisfy the commission that the proposed abandonment or closing for traffic is reasonable, having due regard to the welfare of the public and the cost of operating the service or facility, they may allow the same; otherwise it shall be denied, or if the facts warrant, the application may be granted in a modified form. Provided, however, that should the application ask for the abandonment of any.main track in such manner as to result in the permanent abandonment of service between any two points, no application shall be granted unless the company shall have operated said track for a period of at least five years,” etc.
Acting under the authority of that law the traction company filed its cross-complaint, asking that it be permitted to abandon service on the old route between Chittenden and Fells.
The section of the law quoted declares that if upon full hearing the facts satisfy the commission that the proposed abandonment is reasonable, having due regard to the welfare of the public, and the cost of operation, the commission may allow such abandonment. Upon these features there was a full hearing before the commission. The commission found that at no point was the new line more than 4150 feet from the old route; that about 700 people of all ages lived within a zone of one and *429 one-half miles on either side of the old route along its entire length; that the receipts from the operation of cars at certain periods of the year were hardly enough to pay for the power alone; and .that the operation of the cars between the stations named not only was unprofitable but was maintained at a considerable loss. It was explicitly found by the commission, that, while there might be inconvenience to.the patrons who availed themselves of the service rendered by the company over the old line of track, it was a greater economic waste to compel the company to operate the old line of railway at a loss when the patrons thereof could be “served by the defendant company’s cars operating over the re-located or new track having stops at all of the public roads crossed by the old line of track, six in number, together with four additional stops intermediate between said points -or stations'of Chittenden and Fells.” The finding of the commission discloses that it considered all the circumstances and conditions existing relative to the necessity of the service and tracks sought to be abandoned, including .the facilities for serving the public of that vicinity over the new route.
Upon review of this record we do not think the commission erred in authorizing the abandonment of the old line of track and service between Chittenden and Fells.
Because the traction company discontinued its entire service from September 21, 1918, until this complaint was filed in the month of October following, the plaintiff in error contends that the statute is available only to those companies “de *430 siring to abandon” and that the act is not available to a company, which, as in this case, had already abandoned its line for a short period previous to its application to do so.
This construction of the- statute is too narrow. The statute does not in terms require that the track shall be operated for a period of five years or more immediately prior to the application for abandonment. The act is broad and comprehensive. It provides that the application shall not be granted unless the company “shall have operated' said track for a period of five years.” This part of the track had been in operation in some form for a period of twenty-four years, and for more than five years after relocation of its new line in 1913.
The legislative purpose in fixing the period at five years’ time was, no doubt, to establish a fixed period in order to test the requirements of the statute, and in the light of the surrounding conditions and circumstances affecting operation to enable the commission to ascertain facts satisfying it that the proposed abandonment and closing of the road for traffic was reasonable, having in view the public welfare and operative cost.
The order of the commission is affirmed.

Order affirmed.

Nichols, C. J., Matthias, Johnson, Wanamaker and Robinson, JJ., concur.
Merrell, J., not participating.